IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT J. SIMON and wife,** § | | |
| **PATRICIA S. SIMON,** § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CASE NO.: _____ |
| § | | |
| **FEDERAL EMERGENCY** § | | **JURY TRIAL DEMANDED** |
| **MANANGEMENT AGENCY, and** § | | |
| **PETER GAYNOR, Administrator of the** § | | |
| **Federal Emergency Management Agency,** § | | |
| Defendants. § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1. COME NOW, the Plaintiffs, Robert J. Simon and wife, Patricia S. Simon and file this Original Complaint and Jury Demand complaining of and against Defendants, the Federal Emergency Management Agency and Peter Gaynor, and in support hereof would respectfully show unto the Court the following:

### JURISDICTION AND VENUE

2. This action arises under the National Flood Insurance Act of 1968, 42 U.S.C. §4001, *et. seq.*, pursuant to the insurance contract issued to the Plaintiffs. This action, having arisen under an applicable federal statute, namely 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

3. Venue is properly in this District pursuant to 42 U.S.C. §4053 and/or §4072 in that the insured property made the basis of this action is located at 3520 Tartan Ln., Houston, Harris County, Texas 77025 and situated within this District.

## PARTIES

4. Plaintiffs, Robert J. Simon and wife, Patricia S. Simon, are individual residents of Houston, Harris County, Texas. Service of process is neither requested, nor necessary at this time.

5. Defendant, the Federal Emergency Management Agency ("FEMA") is an executive agency of the United States government housed within the Department of Homeland Security and is responsible for the promulgation, administration, and enforcement of the challenged policy.

6. Defendant, Peter Gaynor ("Gaynor") is the Acting Administrator of FEMA. In this capacity, he has responsibility for the operation and management of FEMA. Administrator Gaynor is sued in his official capacity only.

## FACTUAL BACKGROUND

7. In this Complaint whenever it is alleged that the Defendants did any act or thing, it is meant that the Defendants' officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys or representatives.

8. By this lawsuit, Plaintiffs seek to recover losses sustained as a result of Hurricane Harvey flood damage to the building structure and contents on their residence located at 3520 Tartan Ln., Houston, Harris County, Texas 77025 (the "Property").

9. Defendants sold a flood insurance policy bearing Policy No. RL00064921 (the "Policy") to Plaintiffs whereby Defendants agreed to pay Plaintiffs for any direct physical loss to the insured Property caused by or from a "flood" as defined by the Policy in exchange for the

payment of premiums. In lieu of attaching the Policy hereto, Plaintiffs incorporate by reference, for all purposes, the provisions of the SFIP, as set forth in 44 C.F.R. §61, Appendix A (1), which is the policy issued by Defendants to Plaintiffs. The Policy was in full force and effect during the events surrounding Hurricane Harvey. The Policy limits were $250,000.00 for buildings and $100,000.00 for contents.

10. On or about August 25, 2017, flood water damaged the building structure and contents located on the Property. As a direct and proximate result of the flooding, Plaintiffs suffered a direct physical loss to the insured Property. The damage to the building structure and contents located therein is covered under the Policy and occurred within the applicable Policy term.

11. After the flood, Plaintiffs timely notified Defendants of the loss, filed an insurance claim with Defendants, and asked Defendants to adjust the claim and pay for the cost of repairs to the Property.

12. Defendants waived the sworn prop of loss for flood damages to the building and contents located on the Property.

**CAUSES OF ACTION**

13. Plaintiffs repeat and incorporate, by reference, the allegations of paragraphs 1 through 12 above and paragraphs 17 and through 21 below, as if fully set forth herein.

14. Plaintiffs alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of Defendants had actual, implied, or apparent authority to act on behalf of Defendants.

15. Plaintiffs further alleges that all conditions precedent to recovery herein have been

performed or have occurred.

16. Without waiving the foregoing, but strictly relying upon the same, Plaintiffs allege that the actions and conduct of Defendants constitute a breach of contract. Plaintiffs purchased insurance from Defendants. The insurance contract provides insurance coverage for the Property against loss from among other things: flood. Plaintiffs paid all premiums for the Policy, timely reported the loss to Defendants, and requested adjustment of their claim. Despite full compliance with the Policy conditions, Defendants have failed and refused and continue to fail and refuse to pay the full amount due under the Policy for Plaintiffs' claim. As a result, Defendants have breached the contract of insurance and as a direct and proximate consequence of Defendants' breach of contract, Plaintiffs have suffered actual, incidental, special, and consequential damages as set forth hereinbelow.

## DAMAGES

17. As a result of the actions and conduct complained of herein, Plaintiffs are entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: damages to the building and contents located on the Property.

18. Plaintiffs are further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas.

19. Plaintiffs are further entitled to the recovery of costs of court.

## DEMAND FOR JURY TRIAL

21. Pursuant to Rule 38 FED. R. CIV. P., Plaintiffs demand a jury trial on all issues triable by a jury.

**PRAYER**

22. WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Robert J. Simon and wife, Patricia S. Simon pray that Defendants, the Federal Emergency Management Agency and Peter Gaynor, be summoned to appear and answer herein, and that upon full and final trial herein, Plaintiffs recover from Defendants all actual, incidental, special, and consequential damages sustained as the result of the actions of Defendants and along with costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law and in equity, to which Plaintiffs, Dr. Gabriel Ferrer and wife, Dr. Rosa Virgen Diaz Torres, may show themselves justly entitled by this pleading or proper amendment hereto.

Respectfully submitted,

**MCCORMICK & BOYD, PLLC**

*/s/ Michael Y. McCormick*
MICHAEL Y. MCCORMICK
State Bar Number 13461030
800 Town and Country, Suite 300
Houston, Texas 77024
Telephone Direct Dial (713) 254-0099
Michaelymccormick@gmail.com

ATTORNEY FOR PLAINTIFFS,
ROBERT J. SIMON AND WIFE, PATRICIA S. SIMON